## No. 9674.

### WALPOLE *v*. ROGERS.

TRUSTS—*Rights of Beneficiary.* Action to foreclose a deed of trust on land. Plaintiff in error, being the owner of certain of the bonds secured by the deed, was made party, and filed an answer and cross complaint, alleging that certain of the lands had been wrongfully leased by the trustee, and praying that the owners of such lands be made parties defendant. Held that he was entitled to be heard upon these allegations and that to strike off his cross complaint and dimiss him was error.

*Department One.*

*Error to Fremont District Court, Hon. James L. Cooper,
Judge.*

Mr. JOHN H. VOORHEES, for plaintiff in error.

Mr. D. W. ROSE and Mr. JAMES T. LOCKE, for defendants in error,

THIS was an action for the foreclosure of a so-called deed of trust, made to the Public Trustee of Fremont County, Colorado, to secure bonds issued by The Park Center Land and Water Company, upon default of certain payments provided for therein. Blake Rogers, the then Public Trustee, brought the action as provided by the terms of the trust deed itself. This trust deed further provided that property therein mentioned might be released upon certain specified conditions. Before judgment N. S. Walpole, claiming to be the owner of $5,000 of the bonds secured by the trust deed, was upon his motion, and without objection, made a party to the action, and thereafter filed herein his answer and cross-complaint alleging that certain lands had been released by the trustee without authority, and contrary to the terms of the trust deed, and his security thereby endangered. To this answer and cross-complaint was appended a list of the lands so alleged to have been released, together with the names of the owners thereof; and the said Walpole prayed that such owners be made parties defendant. Thereafter motion was filed to strike said answer and cross complaint, and discharge said Walpole as a defendant, which motion was sustained. From this judgment said Walpole prosecutes this writ of error, and the cause is now before us on his application for supersedeas.

Mr. Justice Burke delivered the opinion of the court.

It is contended by plaintiff in error that the so-called deed of trust here in question is a mortgage and, notwithstanding its express terms, must be foreclosed in all respects as such, and as though some other person than the public trustee had been named as trustee therein.

With this contention we are unable to agree. We see no reason why the instrument may not be foreclosed according to its terms.

Plaintiff in error further contends that the action of the trial court, in striking out his answer and cross-complaint and dismissing his as a party, was prejudicial error.

If the facts alleged in his cross-complaint, as to the

wrongful release by the trustee of a considerable portion of the property covered by the deed of trust, be true, then as an owner and holder of bonds of the water company his securities have been wrongfully dissipated. Hence he is entitled to appear herein, and have the owners of such properties made defendants, and to a hearing of his allegations with respect thereto.

The judgment is accordingly reversed and the cause remanded for further proceedings in harmony with the views herein expressed.

Garrigues, C. J., and Teller, J., concur.